No. 06-5324

IN THE UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

---

IN RE: WORLD TRADE CENTER DISASTER SITE LITIGATION

---

MOTION FOR STAY AS ALTERNATIVE RELIEF

---

James E. Tyrrell, Jr. (JT-6837)
PATTON BOGGS LLP
1675 Broadway
New York, New York 10019-5820
  -and-
One Riverfront Plaza, 6th Floor
Newark, New Jersey 07102
(973) 848-5600
*Attorneys for Defendants-
Appellants The City of New York
and its Contractors*

# TABLE OF CONTENTS

PAGE

TABLE OF AUTHORITIES .................................................................................................. ii
I.   INTRODUCTION ..................................................................................................... 1
II.  STATEMENT OF FACTS ........................................................................................ 2
III. ARGUMENT ............................................................................................................. 5
IV.  CONCLUSION ......................................................................................................... 8

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Apostol v. Gallion*, 870 F.2d 1335 (7th Cir. 1989) .................................................. 7

*Hirchfield v. Board of Elections in the City of New York*,
    984 F.2d 35 (2d Cir. 1993) ................................................................................ 6

*Palmer v. Richardson*, 364 F.3d 60 (2d Cir. 2004) .............................................. 2, 7

*U.S. v. Private Sanitation Industrial Associate of Nassau/Suffolk, Inc.*,
    44 F.3d 1082 (2d Cir. 1995) ............................................................................ 5

*In Re WTC Disaster Site Litigation*, 414 F.3d 352 (2d Cir. 2005) ........................... 2

## STATE CASES

*Di Florio v. Worden*, 757 N.Y.S.2d 656 (App. Div. 2003) ........................................ 7

*Mon v. City of New York*, 78 N.Y.2d 309
    rearg. den., 78 N.Y.2d 1124 (1991) ................................................................ 7

## FEDERAL STATUTES

Robert T. Stafford Disaster Relief and Emergency Assistance Act,
    42 U.S.C. § 5121, *et seq* .................................................................................. 3

## FEDERAL RULES

Federal Rule of Appellate Procedure 8 ............................................................ 2, 4, 5

Federal Rule of Appellate Procedure 27 ................................................................ 2

## STATE STATUTES

New York State and Local Natural Disaster and Man-made Disaster
    Preparedness Law, N.Y. Exec. Law §§ 20-29-g (McKinney 2006) ............... 3

New York State Defense Emergency Act,
    N.Y. Unconsol. Law § 9101, *et seq* ................................................................ 2

# AS AN ALTERNATIVE TO DEFENDANTS' JANUARY 17, 2007 PETITION FOR A WRIT OF MANDAMUS, THE COURT SHOULD ORDER A STAY OF ALL FURTHER PROCEEDINGS IN THE CONSOLIDATED ACTION IN THE DISTRICT COURT

## I. INTRODUCTION

The City of New York and certain of the City's contractors[1] (collectively, "Defendants") have this day filed a Petition for a Writ of Mandamus ("Petition for Mandamus") with this Court, respectfully requesting that this Court issue a writ of mandamus to the District Court for the Southern District of New York directing it to cease any and all further proceedings in the consolidated action captioned *In Re World Trade Center Disaster Site Litig.*, 21 MC 100 (AKH) (the "Consolidated Action"), while Defendants' appeal of the District Court's denial of Defendants' motions for judgment on the pleadings and for summary judgment based upon certain state and federal immunities is pending in this Court. *See* Declaration of James E. Tyrrell, Jr. ("Tyrrell Decl."), Ex. I (Courtesy Copy of Petition for Mandamus).

As an alternative to the Petition for Mandamus filed herewith, Defendants respectfully request that this Court enforce the divestment of jurisdiction in the District Court by immediately staying all further proceedings in the Consolidated

---

[1] A listing of all Contractor Defendants on whose behalf this Motion is filed is attached as Exhibit A to the Declaration of James E. Tyrrell, Jr. ("Tyrrell Decl.") for the Court's convenience.

1

Action pending resolution of Defendants' appeal pursuant to Federal Rules of Appellate Procedure 8 and/or 27. *See Palmer v. Richardson*, 364 F.3d 60, 63 (2d Cir. 2004) (after district court denied motion to stay proceedings pending collateral order appeal of denial of immunity, court of appeals stayed proceedings and expedited appeal).[2]  Fed. R. App. P. 8; Fed. R. App. P. 27.

## II. STATEMENT OF FACTS

1. Within the last few years, Plaintiffs have filed thousands of lawsuits against many of the entities that assisted in the rescue, recovery and debris removal operations in the wake of the 9/11 terrorist attacks. *See In Re WTC Disaster Site Litigation*, 414 F.3d 352, 358-59 (2d Cir. 2005). Plaintiffs are public and private rescue, recovery and debris removal workers, and their spouses, who have sued the Defendants, claiming to have suffered bodily injuries while they worked to ameliorate the unprecedented public health and safety disaster created by the attacks. *See id.*

2. On February 17, 2006, Defendants filed motions to dismiss and for summary judgment in the District Court based on the immunity provisions of the New York State Defense Emergency Act, N.Y. Unconsol. Law § 9101, *et seq.*

---

[2] Defendants moved for a stay before the District Court on December 19, 2006. *See* Tyrrell Decl., Ex. D. The District Court has nevertheless Ordered that these cases proceed and directed the commencement of discovery and other pre-trial activities.

2

(McKinney 2006) (the "SDEA"), the New York State and Local Natural Disaster and Man-made Disaster Preparedness Law, N.Y. Exec. Law §§ 20-29-g (McKinney 2006) (the "Disaster Act"), and the Robert T. Stafford Disaster Relief and Emergency Assistance Act, 42 U.S.C. § 5121, *et seq.* (the "Stafford Act") – all of which provide immunity from suit for disaster response efforts – as well as immunity under the New York State and federal common law (collectively, "Defendants' immunity motions"). *See* Tyrrell Decl., ¶ 3.

3. On October 17, 2006, the District Court issued an Order which, in relevant part, denied Defendants' motions. Instead of dismissing Plaintiffs' claims, the District Court rejected Defendants' assertion of immunity under the Stafford Act outright and held that the scope of Defendants' remaining immunities must be determined on a case-by-case basis in each of the thousands of cases currently pending in the District Court and in all of the cases that may be filed in the future. (Oct. 17, 2006 Order at 56, 64, 66-67, 80-81). Tyrrell Decl., Ex. B.

4. On November 16, 2006, Defendants filed the Notice of Appeal. Tyrrell Decl., Ex. C.

5. On November 28, 2006, the District Court directed Defendants to submit briefing, explaining how the filing of the Notice of Appeal divested it of jurisdiction. On December 19, 2006, Defendants complied, setting forth for the District Court the law explaining that the District Court could retain jurisdiction in

this matter only upon a reasoned finding that Defendants' appeal was frivolous, and that such a finding could never be made on the facts of this case. Defendants also filed a motion to stay the proceedings pursuant to Fed. R. App. P. 8. Tyrrell Decl., Ex. D.

6. On January 8, 2007, the District Court issued an Opinion and Order Denying Motion for Interlocutory Appeal and Asserting Continuing Jurisdiction. In this Order, the District Court did not find that Defendants' appeal was frivolous – asserting only that at most it "borders on frivolous, if not frivolous" – but nevertheless refused to recognize the divestment of jurisdiction triggered by the November 16, 2006 filing of the notice of appeal. Tyrrell Decl., Ex. E.

7. On January 10, 2007, the District Court issued an Order Regulating Preliminary Discovery Proceedings, noting that the January 8, 2007 Opinion and Order was the District Court's "final ruling" on the matter of divestment and that "it is time to proceed with discovery." Tyrrell Decl., Ex. F (Jan. 10, 2007 Order). The District Court then ordered Defendants to submit comprehensive proposals for a discovery plan within a matter of hours. *Id.*

8. On January 11, 2007, the District Court directed to Defendants a list (authored by the District Court) of fourteen discovery requests pertaining to Defendants' work at the World Trade Center site, their hiring practices, contractual arrangements, and safety measures. Tyrrell Decl., Ex. G. At the January 11, 2007

4

conference, the Court granted Defendants a two-week comment period on these discovery requests and approximately thirty days thereafter to comply with them. Tyrrell Decl., Ex. H (Hearing Trans., Jan. 11, 2007, 19:6-20:23). The District Court further ordered Defendants to meet with appointed Special Masters in order to create a "committee of experts" as well as an electronic database, both designed to assist the District Court with future discovery in this litigation. *Id.* at 29:10-30:11.

On January 17, 2007 – the same day this Motion was filed – Defendants filed a Petition for Mandamus. Tyrrell Decl., Ex. I. This Motion for Stay is made in the alternative, in the event that this Court declines to issue a writ of mandamus.

## III. ARGUMENT

Should this Court decline to issue the requested writ of mandamus, Defendants' appeal of the District Court's denial of their immunities from suit nevertheless also warrants a stay of proceedings in the District Court until such time as a decision is reached on the appeal. In determining whether to grant a stay of a decision of the District Court pending appeal, this Court considers: (1) whether the movant will be irreparably injured absent a stay; (2) whether a party will suffer injury if the stay is granted; (3) whether the movant has established a substantial possibility, which need not be a likelihood, of appellate success; and (4) the public interest. *See U.S. v. Private Sanitation Indus. Assoc. of Nassau/Suffolk,*

*Inc.*, 44 F.3d 1082, 1084 (2d Cir. 1995); *Hirchfield v. Bd. of Elections in the City of New York*, 984 F.2d 35, 39 (2d Cir. 1993). Defendants satisfy this four-part test and, therefore, a stay should issue.

There can be no reasonable dispute that Defendants will be irreparably harmed if this action is not stayed pending resolution of Defendants' appeal. There is no remedy that any court could fashion to compensate Defendants for the harm they will suffer if they are forced to participate in pre-trial discovery and other proceedings in a litigation of this magnitude when they are immune from suit in the first place.

In comparison, Plaintiffs will suffer little harm if a stay is entered, other than the delay caused by the appeal. Defendants will shortly move before this Court for an expedited appeal to ensure that any such delay will be minimal.

Defendants filed a timely and non-frivolous Notice of Appeal of a denial of their immunities from suit. That filing divested the District Court of jurisdiction over the Consolidated Action.[3] The District Court did not find the appeal to be frivolous and the appeal is not a "sham." *See* Tyrrell Decl., Ex. E (Jan. 8, 2007

---

[3] For purposes of judicial economy, Defendants will not repeat the entirety of their arguments with regard to divestment of jurisdiction stated in the Petition for a Writ of Mandamus simultaneously filed today, January 17, 2007, and respectfully refer this Court to the arguments stated therein. A copy of Defendants' Petition for Writ of Mandamus is attached as Exhibit B to the Declaration of James E. Tyrrell, Jr. for the Court's convenience.

Order at 8); *see also* Tyrrell Decl., Ex. I (Petition for Mandamus at 14-15). To the contrary, Defendants' appeal under the collateral order doctrine properly invokes this Court's jurisdiction. *See* Tyrrell Decl., Ex. I (Petition for Mandamus at 15-26). Accordingly, there is far more than a "substantial likelihood" that the District Court was divested of jurisdiction over the Consolidated Action upon the filing of the Notice of Appeal. Under these circumstances, no more should be required to justify a stay. *See Apostol v. Gallion*, 870 F.2d 1335, 1339 (7th Cir. 1989).

Finally, the immunities at issue here implicate the very highest order of public interest in that their proper application will directly impact the speed and efficiency of the government's response to any future terrorist attacks or natural disasters. These immunities are designed to permit both public officials and responders from the private sector to respond quickly and decisively to large-scale disasters, "unhampered by the fear of second-guessing and retaliatory lawsuits." *See, e.g., Di Florio v. Worden*, 757 N.Y.S.2d 656, 657 (App. Div. 2003) (quoting *Mon v. City of New York*, 78 N.Y.2d 309, 313, *rearg. den.*, 78 N.Y.2d 1124 (1991)). The "public interest" prong of the stay analysis is therefore readily satisfied.

Accordingly, in the event that this Court does not issue the requested writ of mandamus filed concurrent with this motion, this Court should stay the proceedings below pending appeal. *See Palmer*, 364 F.3d at 63.

## IV. CONCLUSION

For the foregoing reasons, and for the reasons stated in the Petition for Writ of Mandamus simultaneously filed herewith, should this Court deny the Petition for Mandamus, Defendants respectfully request, in the alternative, that this Court stay all further proceedings in the District Court pending appeal.

Dated: January 17, 2007

                                                    Respectfully submitted,

                                                    */s/ James E. Tyrrell Jr.*
                                                    James E. Tyrrell, Jr., Esq. (JT-6837)
                                                    PATTON BOGGS LLP
                                                    1675 Broadway
                                                    New York, New York 10019-5820

                                                    One Riverfront Plaza, 6th Floor
                                                    Newark, New Jersey 07102-0301
                                                    (973) 848-5600

                                                    Attorneys for Defendants-Petitioners
                                                    The City of New York,
                                                    And Contractors Identified in
                                                    Exhibit A